**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

In re SEALED SEARCH WARRANTS
ISSUED MARCH 26, 2018                                    Crim. No. 1:18-MJ-164
                                                                              (DJS)


_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

## Order

On March 26, 2018, this Court signed two Search warrants for the premises located at 8 Hale Dr., Halfmoon, New York and 3 Oregon Trail, Waterford, New York. The Search Warrants related to a federal investigation of an Albany-based organization called NXIVM, and its founder, Keith Raniere, and associated federal crimes including sex trafficking by force and extortion. The Search Warrants were executed on the following day, March 27, 2018, and were well-publicized both in the local and national media. *See* FBI Raids NXIVM President's House as Raniere Appears in Federal Court, Times Union, (Mar. 27, 2018) available at https://www.timesunion.com/news/article/Feds-raid-home-of-NXIVM-co-founder-Nancy-Salzman-12784322.php. Mr. Rainier was arrested in Mexico pursuant to a Criminal Complaint issued by the Eastern District of New York, and has now been returned to New York to answer the charges.

At the time of the issuance of the Search Warrants, this Court, at the request of the

government, issued a separate Order sealing the Warrants, as well as the supporting Affidavits upon which they were based. In doing so, this Court listed four justifications for the sealing:

1. That the release of the warrant would jeopardize an ongoing federal criminal investigation by revealing the existence of that investigation to potential targets and subjects of the investigation;

2. That the release would jeopardize the safety of a person who has provided information and/or other assistance to the criminal investigation or the family and/or friends of such person by revealing such person's cooperation with the investigation to those under investigation or their associates;

3. That the release of the information would jeopardize the safety of law enforcement personnel; and

4. That the release would reveal nonpublic information about one or more targets or subjects of the investigation who have not been charged with a crime in the relevant investigation and such information could lead to adverse financial and/or social consequences for such person(s).

On March 29, 2018 Brendan Lyons, an Editor at the Times Union Newspaper, filed a formal request with the Court to unseal the Search Warrants and related documents, arguing that the reasons for the initial sealing Order no longer exist as a result of the publicity generated with the executions of the Warrants and the arrest of Mr. Raniere. Dkt. No. 7. Mr.

Lyons also noted that any concerns regarding disclosure of information relating to witnesses or victims could be overcome by limited redactions to the documents. *Id.*

In response to this Letter-Request, the Court asked the government to provide a response. That response was received by the Court on April 9, 2018. The position of the United States Department of Justice was to consent to unsealing of the Warrants and the associated Affidavits, with certain limited redactions.[1] According to the Government, the specific information to be redacted would, if unsealed, provide sufficient information to allow someone to identify witnesses; would identify potential targets and subjects of a grand jury investigation yet to be charged; and/or reveal more about the nature and scope of the government's investigation beyond the publicly filed charges against Raniere and other publicly available information.

Search warrants, which require careful review by a Magistrate Judge, are without question judicial documents. *See In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 WL 5667021 (N.D.N.Y. July 14, 2008) (finding search warrants, returns, applications, and supporting affidavits to be judicial documents). Federal Courts protect the public's right of access to such judicial documents and proceedings. *Nixon v. Warner Commun., Inc.*, 435 U.S. 589 (1978) (recognizing common-law right of access to judicial documents); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (same); *Application of*

---

[1] Enclosed with the Government's Reply Letter were their proposed redactions. The Government's April 9, 2018 Reply Letter will be filed on the docket at the time of this Order, but the un-redacted copies of the Warrants and Affidavits, as well as the marked-up copy submitted with the Government's letter, will remain under seal.

*Newsday, Inc.,* 895 F.2d 74 (2d Cir 1990) (Newspaper had common-law right of access to search warrant application).

However, this right of access is not without limitation. In evaluating a common-law claim of access to judicial documents, this Court must balance the weight of the presumption of access given to the particular document with the competing privacy or other legitimate interests which counsel against disclosure. *Hillary v. Village of Potsdam,* 2015 WL 902930 *2 (N.D.N.Y. March 3, 2015). In this regard, it is undisputed that the common-law presumption of access to search warrants and related materials, which affect an individual's substantive rights, is entitled to great weight and in fact falls at the "highest end of the continuum." *In re Sealed Seach Warrants*, at *3. It is for this reason that I grant, in large part, the request of the Times Union to unseal the Search Warrants and supporting Affidavits, as well as the Returns. However, I do agree with Assistant United States Attorney Michael Barnett that there are certain redactions that need to be made to the documents to protect against disclosure of cooperating witnesses or innocent third parties. The interests of the Government in this regard outweigh the right to access. *E.g. United States v. Pirk*, 282 F. Supp 3d 585, 602 (2017) ("The need to maintain the confidential of this information plainly outweighs any common law right of access."). Moreover, the proposed redactions are narrowly tailored. *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014). I also conclude that redaction of specific crimes which have not yet been charged, and potentially may never be, is also warranted. In making that determination, I note that the redaction of

the specific criminal statute does not in any way effect the underlying basis for the Search Warrants or the exercise of this Court's judicial functions.

**WHEREFORE**, it is hereby

**ORDERED**, that the Letter-Request of the Times Union Newspaper is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that the Clerk shall file on the Docket the redacted Search Warrants; the redacted Search Warrant Applications; the Returns, and the Reply of the Government, but the original search warrant documents, as well as the attachments to the Government's April 9, 2018 Reply, shall remain sealed.

**SO ORDERED**.

Date:   April 11, 2018
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge